# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>CHERRY BROS., LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11644 (AMC) |
| Gary F. Seitz, as Chapter 7 Trustee of the Estate of Cherry Bros., LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Defendants Listed on **Exhibit A**,<br><br>Defendants. | Adv. No.: *See* **Exhibit A** |

### PLAINTIFF'S MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE

Pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Gary F. Seitz, as Chapter 7 Trustee of the Estate of Cherry Bros., LLC, (the "Plaintiff"), by and through its undersigned counsel, hereby files this motion (the "Procedures Motion") for entry of a procedures order (the "Proposed Procedures Order"), substantially in the form annexed hereto, establishing streamlined procedures for all adversary proceedings brought by the Plaintiff under sections 502, 547, 548, 549 and 550 of the Bankruptcy Code, identified in **Exhibit A** annexed hereto (collectively, the "Avoidance Actions"). In support of the Procedures Motion, Plaintiff respectfully states as follows:

1

**PRELIMINARY STATEMENT**

In order to efficiently administer and resolve the volume of Avoidance Actions filed in the above-referenced bankruptcy cases (the "Bankruptcy Case"), Plaintiff proposes that certain procedures be implemented (a) eliminating the requirement of a Bankruptcy Rule 7026(f) scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions;[1] (b) waiving the requirement for filing separate 9019 motions and having a hearing for each individual settlement; and (c) establishing omnibus hearings for the Avoidance Actions (collectively, the "Proposed Procedures").

Plaintiff believes that in setting forth structured procedures for the efficient resolution of the Avoidance Actions, the Proposed Procedures further the purpose of the applicable Bankruptcy Rules and the Local Rules. Like these applicable Bankruptcy Rules, the Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency.

**JURISDICTION**

1. This Court has jurisdiction over this Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Procedures Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3. The legal bases for the relief requested in the Motion are sections 102(1), 105(a), 105(d), 502, 547, 548, 549 and 550 of the Bankruptcy Code and Rules 7004, 7012, 7016, 7026,

---

[1] Plaintiff reserves the right to seek further or additional relief from the Court regarding discovery and any other matter in the Avoidance Actions.

9006, and 9019(b) of the Bankruptcy Rules.

## BACKGROUND

4. On March 18, 2019 (the "Petition Date") the Debtor commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

5. On June 12, 2019, the case was converted to a chapter 7 case.

6. Thereafter, Gary F. Seitz was appointed as Chapter 7 Trustee.

7. Prior to the Petition Date, the Debtor maintained business relationships with various business entities, through which the Debtor regularly purchased, sold, received, and/or delivered goods and services.

8. The Debtor regularly purchased goods from various entities including vendors, creditors, suppliers and distributors.

9. During the ninety (90) days before the Petition Date (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities.

## RELIEF REQUESTED

10. Plaintiff has commenced approximately sixty-six (66) Avoidance Actions, as more fully set forth on **Exhibit A** hereto, to recover avoidance transfers from the persons who are defendants in the Avoidance Actions (each a "Defendant" and, collectively, the "Defendants").

11. By this Motion, Plaintiff seeks the entry of the Proposed Procedures Order, substantially in the form attached hereto approving the Proposed Procedures in connection with the prosecution of the Avoidance Actions. The Proposed Procedures are designed to streamline litigation and promote settlement of the Avoidance Actions in a timely and efficient fashion,

thereby minimizing the costs to all parties and easing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

## BASIS FOR RELIEF REQUESTED

### I. Proposed Procedures Generally

12. The Court has broad discretion to adopt and implement guidelines, such as the Proposed Procedures, which will aid in the administration of these proceedings. Specifically, Federal Rules of Civil Procedure 16(a) (the "Federal Rules"), as made applicable by Bankruptcy Rule 7016 authorizes courts to enter orders for the purpose of:

- expediting the disposition of the action;
- establishing early and continuing control so that the case will not be protracted because of lack of management;
- discouraging wasteful pretrial activities; and
- facilitating the settlement of the case.

FED. R. CIV. P. 16(a).

13. In addition, Federal Rule 16(b) affords courts significant flexibility in case management and scheduling. Specifically, Federal Rule 16(b) authorizes courts to enter scheduling and other orders that limit the time to file motions and to complete discovery. Federal Rule 16(b) expressly provides that such order may include modifications for the disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the circumstances of the case.

14. Section 105(a) of the Bankruptcy Code also grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. That section provides:

The court may issue any order, process, or judgment that is necessary or appropriate

> to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

15. The Proposed Procedures further the purpose of the applicable Bankruptcy Rules by establishing certain guidelines Plaintiff believes are essential to the efficient and successful resolution of the Avoidance Actions. Plaintiff submits that implementation of the Proposed Procedures will further the cost-effective, timely resolution of the Avoidance Actions, and benefit the parties in the Avoidance Actions. The Plaintiff also submits that the Proposed Procedures will further the goals of judicial economy and the conservation of judicial resources. Absent the establishment of the Proposed Procedures to govern the prosecution of the Avoidance Actions, it will be more difficult for this Court to administer these matters due to the volume of cases. To the extent the Proposed Procedures deviate from otherwise applicable rules and orders, the Plaintiff submits that such variations are warranted to promote efficient use of estate assets and judicial resources.

16. Also, Plaintiff hopes and expects that the Proposed Procedures set forth in the Proposed Procedures Order will promote settlements and reduce defense costs because proceeding in such a manner may obviate the need for defendants to retain outside and/or local counsel during the settlement process. Defendants in the Avoidance Actions will also be able to present their defenses to Plaintiff for evaluation before engaging in costly litigation.

**II.    Pretrial Conferences and Discovery**

17. Given the number of Avoidance Actions, Plaintiff believes that the provisions of the Proposed Procedures Order governing scheduling conferences, pretrial conferences, initial

disclosures, and fact and expert discovery are necessary to establish a structured, efficient process for the resolution of the Avoidance Actions. The Proposed Procedures 1) waive the initial pretrial conference and any subsequently scheduled pretrial conferences and 2) extend the agreed-upon time to serve initial disclosures to 90 days. The Proposed Procedures will result in more orderly and efficient litigation and discourage dilatory tactics.

### III. Waiving Rule 9019(a) Requirements

18. Plaintiff seeks approval of the Proposed Procedures with respect to waiving Bankruptcy Rule 9019(a) requiring notice and hearing to approve every settlement agreement. As stated, there are currently sixty-six (66) Avoidance Actions currently pending. Rather than burden this Court and the Debtor's estate with the administrative expenses of presenting a motion to compromise a claim each time the Trustee believes it appropriate to do so, the Trustee proposes that this Court modify the compromise procedures pursuant to Rule 9019(b) and grant the Trustee authority to settle classes of claims without further necessity of notice or court approval.

19. The Trustee hereby seeks entry of an order establishing the following procedures to permit the Trustee to compromise and settle the potential adversary proceedings seeking the recovery of preference claims within the following settlement ranges and guidelines:

    A. **Claims $25,000.00 or Less**: The Trustee will be free to consummate settlements in this class in his business judgment without further leave of the Court or additional notice to the parties that have been served with this Motion;

    B. **Claims Between $25,000.01 to $100,000.00**: Provided that a proposed settlement represents a minimum recovery of at least 65% of the claim, less any undisputed adjustments, the Trustee will be free to consummate settlements in his business judgment without further leave of the Court or additional notice to the parties that

have been served with this Motion; and

    **C.**    **Claims Greater Than $100,000.00**: Provided that a proposed settlement represents a minimum recovery of at least 75% of the claim, less any undisputed adjustments, the Trustee will be free to consummate settlements in his business judgment without further leave of the Court or additional notice to the parties that have been served with this Motion.

20.    Should any proposed settlement not comply with the parameters set forth in subparagraphs a-c, the Trustee shall file a motion for settlement approval pursuant to Bankruptcy Rule 9019 with notice to all interested parties.

21.    Federal Rule of Bankruptcy Procedure 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Rule 9019(b) provides an exception to this procedure:

> (b) <u>Authority to Compromise or Settle Controversies Within Classes</u>.
>
> After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the Trustee to compromise or settle controversies within such class or classes <u>without further hearing or notice</u>.

*Id*. (emphasis added).

22.    As set forth in the Advisory Committee Note to the original enactment of Bankruptcy Rule 9019, subdivision (b) permits a court to deal efficiently with a case that may involve a large number of settlements. *In re NJ Affordable Homes Corp.*, 05-60442, 2007 WL 3166950, *11 (Bankr. D.N.J. Oct. 22, 2007) (citing and discussing Advisory Committee Note). The subdivision was intended to address situations in which compliance with the requirements of subdivision (a) would not be practical or efficient. *Id.* The *NJ Affordable Homes* court also cited

to Colliers when discussing settlements of classes without further notice, which explains that this subdivision addresses situations such as when a trustee files a large number of preference complaints against many individual defendants, which may involve similar issues and seek recovery of relatively small amounts. *Id.* at *12 (citing 10 COLLIER ON BANKRUPTCY ¶ 9019.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev). In such a scenario, filing a new motion every time a settlement is reached would be expensive and burdensome to the estate. *Id.*

23. The Trustee submits that the settlement parameters requested herein are in the best interest of the Debtor's estate because the time and expense of seeking Court approval with respect to each and every settlement would significantly diminish the estate's net recovery on the Avoidance Actions in addition to reducing the burden on the Court.

**IV.    Omnibus Hearings and Motions**

24. The Proposed Procedures contemplate that Plaintiff will schedule Avoidance Action Omnibus Hearings quarterly at the Court's convenience. All motions and other matters concerning any Avoidance Actions will only be heard at Avoidance Actions Omnibus Hearings.

**NOTICE**

25. Notice of this Procedures Motion has been provided to: (i.) all entities that are Defendants in the Avoidance Actions as of the date hereof, which are identified in **Exhibit A** annexed hereto; (ii.) counsel for the Debtor; and (iii.) the United States Trustee. The Plaintiff respectfully submits that such notice is adequate and that no other or further notice need be provided.

26. Within ten (10) days of entry of the order approving this Procedures Motion, Plaintiff shall serve such order on all entities that are parties to the Avoidance Actions as of the date thereof.

## **NO PRIOR REQUEST**

27. No other or prior motion for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Plaintiff believes the Proposed Procedures are integral to the ability to resolve the Avoidance Actions in a cost-effective, efficient manner that will further speedy distributions to creditors and, ultimately, the Plaintiff's efforts towards an expeditious closing of the Debtor's Chapter 7 case. In light of the foregoing, the Plaintiff submits that the Proposed Procedures are warranted and approval thereof is well within the authority granted to the Court under applicable Bankruptcy Rules, Local Rules, and sections of the Bankruptcy Code.

[*Remainder of Page Intentionally Left Blank*]

Accordingly, Plaintiff respectfully requests that this Court enter the Proposed Procedures Order, attached hereto (i) approving the Proposed Procedures and (ii) granting such other and further relief as the Court deems just and proper.

Dated: March 9, 2020
Philadelphia, Pennsylvania

                                      GELLERT SCALI BUSENKELL & BROWN, LLC
                                      By: */s/ Holly S. Miller*
                                       Gary F. Seitz, Esquire
                                       Holly S. Miller, Esquire
                                       8 Penn Center
                                       1628 John F. Kennedy Blvd., Suite 1901
                                       Philadelphia, PA 19103
                                       Telephone: (215) 238-0010
                                       Fax: (215) 238-0016
                                       E-mail: gseitz@gsbblaw.com
                                                    hsmiller@gsbblaw.com

                                      *Counsel for Chapter 7 Trustee*