**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>CHERRY BROS., LLC,<br><br>         Debtor. | Chapter 7<br><br>Case No. 19-11644 (AMC) |
| Gary F. Seitz, as Chapter 7 Trustee of the Estate of Cherry Bros., LLC,<br><br>         Plaintiff,<br>vs.<br><br>Defendants Listed on **Exhibit A**,<br><br>         Defendants. | Adv. No.: *See* **Exhibit A** |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE**

Upon the *Motion for Orders Establishing Streamlined Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 547, 548, 549, and 550 of the Bankruptcy Code,* (the "Procedures Motion")[1] filed by Gary F. Seitz, as Chapter 7 Trustee of the Estate of Cherry Bros., LLC, (the "Plaintiff"), by and through his undersigned counsel, for entry of a procedures order (the "Procedures Order") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 7026, 9006, 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing streamlined procedures governing all adversary proceedings brought by Plaintiff under sections 502, 547, 548, 549 and 550 of the Bankruptcy Code (each an "Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefore, it is hereby:

**ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects; and it is further

**ORDERED**, that the Trustee may settle claims without Court approval pursuant to the terms set forth in the Motion; and it is further

**ORDERED**, the procedures governing all parties to the Avoidance Actions are as follows:

**A.    Effectiveness of the Procedures Order**

1. This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions.[2]

2. This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B.    Extensions to Answer or File Other Responsive Pleading to the Complaint**

3. The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C.    Waiver of Requirement to Conduct Pretrial Conference**

4. Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, is hereby waived and not applicable with respect to the Avoidance

---

[2] This Procedures Order pertains only to the Avoidance Actions identified in Exhibit A. Additional avoidance actions filed by the Plaintiff related to the underlying bankruptcy cases, after entry of the Proposed Procedures Order, shall be subject to the same conditions stated herein. The parties will file, under certification of counsel, a scheduling order which conforms to the same format but which contains extended deadlines as necessary.

2

      Actions. Neither the Plaintiff nor any Defendant shall be required to appear at the initial pretrial conference or any subsequently scheduled pretrial conferences.

**D.**     **Waiver of Requirement to Conduct Scheduling Conference**

5.     Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E.**     **Discovery Schedule**

6.     Any open Avoidance Actions shall file with the Court a Stipulation regarding the parties' choice to proceed to Mediation on or before June 20, 2020.

7.     In the event the parties elect to proceed to mediation, the parties' obligation to conduct formal discovery in each Avoidance Action shall be stayed pending conclusion of mediation. The stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Plaintiff and applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, mediation.

8.     Any open Avoidance Actions shall be required to provide the disclosures required under Rule 7026(a)(1) (the "Initial Disclosures") on or before thirty days from (a) the date the parties file a stipulation indicating they do not intend to mediate or, (b) from the date mediation concludes without settlement.

9.     All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than thirty days after the deadline to serve Initial Disclosures.

10.     The parties to the Avoidance Actions shall have through and including ninety days from the deadline to serve written discovery to complete non-expert fact discovery, including depositions of fact witnesses.

11.     The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions.

12.     The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information, shall apply to the Avoidance Actions.

13.     The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions.

14. Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

15. Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' case-in-chief experts, if any, shall be made to the adverse party on or before thirty days after the deadline to conclude fact discovery.

16. Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, if any, shall be made to the adverse party on or before thirty days from the deadline to serve expert disclosures and reports.

17. All expert discovery, including expert witness depositions, shall be concluded on or before thirty days from the deadline to serve expert rebuttal reports and disclosures.

18. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

**F.    Omnibus Hearings and Motions**

19. All motions and other matters concerning any Avoidance Actions shall be heard at Avoidance Actions Omnibus Hearings scheduled quarterly.

**G.    Miscellaneous**

20. The Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

21. The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____

ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

5